UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALBERTO CARLOS VELAZQUEZ
SANTANA,

      Petitioner,

   v.                    Case No.:  2:26-cv-01578-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court is petitioner Alberto Carlos Velazquez Santana's Petition for Writ of Habeas Corpus (Doc. 1).  The Court served the petition on the U.S. Attorney General and the local U.S. Attorney's Office and ordered the government to respond to all allegations, grounds, and arguments by May 21, 2026.  The warden of Alligator Alcatraz filed a motion to dismiss without addressing the merits of the petition, and the rest of the defendants failed to respond.

Velazquez Santana is a native of Cuba.  The Department of Homeland Security commenced removal proceedings against him on December 28, 2004—the record does not reflect why.  Velazquez Santana failed to appear for his immigration hearing on June 2, 2005, and an immigration judge entered an

order of removal *in absentia.*[1]  Immigration and Customs Enforcement ("ICE") placed Velazquez Santana on an order of supervision on April 16, 2015. Velazquez Santana has fully complied with its terms.  On January 5, 2026, ICE arrested Velazquez Santana.   He is currently detained at Alligator Alcatraz.  Velazquez Santana challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of

---

[1] Velazquez Santana recently moved to reopen the removal proceeding, claiming he did not receive notice of the June 2, 2005 hearing, but an immigration judge denied the motion.

uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Velazquez Santana has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has been unable to remove him since 2005, and Cuba is not willing to accept Velazquez Santana for repatriation. The burden thus shifts to the respondents, but they have not responded to Velazquez Santana's habeas claims.

The Court finds no significant likelihood Velazquez Santana will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Velazquez Santana to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Alberto Carlos Velazquez Santana's Petition for Writ of Habeas Corpus

(Doc. 1) is **GRANTED**.

1. The respondents shall release Velazquez Santana within 24 hours of this Order give him telephone access so he can arrange transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

3. The Clerk is also **DIRECTED** to email a copy of this order to USAFLM.Alcatraz@usdoj.gov.

**DONE AND ORDERED** in Fort Myers, Florida on May 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record